UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---

SANDRA OJO and TEMIDAYO B. OJO,

                    Plaintiffs,

v.

HUDSON COUNTY SAVINGS BANK, FSB., et al,

                    Defendants.

Civil Action No. 19-16200 (JXN) (ESK)

OPINION

---

**NEALS**, District Judge:

**THIS MATTER** comes before the Court on the motions to dismiss filed by Defendants Midland Funding LLC ("Midland") (ECF No. 83), Frenkel Lambert Weissman & Gordon, LLP ("Lambert") (ECF No. 84), New Century Financial Services ("NCFS") (ECF No. 87), BAC Home Loans Servicing, LP. ("BAC"), Hudson County Savings Bank, FSB. ("HCSB"), Bank of America, N.A. ("BOA"), Manufacturer & Traders Trust Co. ("M&T"), and Countrywide Home Loans Servicing, LP ("Countrywide") (ECF No. 89). *Pro se* Plaintiffs Sandra Ojo and Temidayo Ojo (collectively, "Plaintiffs") filed a brief in opposition to the motions to dismiss (ECF No. 96) and Defendants filed replies in support (ECF Nos. 94–98). Plaintiffs thereafter filed a sur-reply in further opposition to the motion. ECF No. 100. This matter is decided without oral argument pursuant to Federal Rule of Civil Procedure 78(b). For the reasons stated herein, Defendants' motions to dismiss are **GRANTED**.

**I.    FACTUAL BACKGROUND & PROCEDURAL HISTORY**

This action arises primarily out of a prior state court foreclosure action involving Plaintiffs' property located at 120 Chestnut Street, East Orange, New Jersey (the "Property"). Third

Amended Complaint, ECF No 81. On August 22, 2006, Plaintiff, Sandra Ojo, executed a note to Countrywide in the amount of $364,500.00. *Id.* at 5 ¶ 20. Near the end of 2008, Plaintiffs began experiencing financial difficulties and communicated their need to modify the mortgage obligations with Countrywide. *Id.* at 5 ¶ 23. Countrywide allegedly told Plaintiffs to miss three mortgage payments in order to qualify for the Home Affordable Modification Program ("HAMP"), a government program implemented in 2008 to prevent foreclosures. *Id.* at 6 ¶ 24. Plaintiffs, in reliance on Countrywide's advice, then missed "approximately" three mortgage payments. *Id.* at 6 ¶ 25. Thereafter, Plaintiffs attempted to resume the monthly mortgage payments by tendering a check covering one month's mortgage payment to Countrywide. *Id.* Countrywide allegedly rejected Plaintiffs' payment and again encouraged Plaintiffs to apply for HAMP. *Id.*

In June 2009, Defendant Lambert commenced foreclosure proceedings against Plaintiffs for their failure to make required mortgage payments on the Property. *Id.* at 8 ¶ 42. Plaintiffs allege that this action was fraudulently and secretly prosecuted because Defendants BAC and Lambert represented to the state court that Plaintiffs were served, which Plaintiffs allege is not true. *Id.* at 11 ¶ 47, 56. Some years later, the foreclosure action was dismissed for failure to prosecute. *Id.* at 12 ¶ 55.

Thereafter, a second foreclosure action was initiated against Plaintiffs in the Superior Court of New Jersey under docket number F-001311-15. *Id.* at 14 ¶¶ 67, 68. Although Defendants Hudson and Milstead represented to the state court that Plaintiffs were properly served, Plaintiffs, again, allege that they were not served. *Id.* at 14 ¶ 69. On August 4, 2015, the court entered judgment against Plaintiffs in the amount of $599,572.73. *Id.* at 15 ¶ 75. Following entry of the judgment, the Property was subsequently sold at a sheriff's sale in May 2016. *Id.* at 20 ¶ 101. Plaintiffs were repeatedly contacted and told that they had to vacate the Property. *Id.* at 21 ¶ 103.

Plaintiffs did not vacate the Property, and a strict foreclosure complaint was filed against Plaintiffs that resulted in the Sheriff ejecting Plaintiffs from the Property in August 2019. *Id.* at 22 ¶ 108.

On August 1, 2019, Plaintiffs commenced this action alleging violations of the Truth in Lending Act (15 U.S.C. § 1601, *et seq.*), accounting discrepancies, chain of title discrepancies, and proof of service discrepancies with respect to their mortgage and Property. Compl., ECF No. 1. Throughout this litigation, Plaintiffs have repeatedly sought, and been granted, leave to amend their pleadings and Defendants have moved to dismiss. On November 19, 2020, the Honorable Claire C. Cecchi, U.S.D.J., issued an opinion and order dismissing Plaintiffs' Second Amended Complaint without prejudice and with leave to amend. ECF No. 73. Judge Cecchi held that the *Rooker-Feldman* doctrine barred the Court's exercise of subject matter jurisdiction over Plaintiffs' claims because "Plaintiffs are seeking a ruling from this Court that Defendants harmed Plaintiffs by obtaining state court judgments against them that led to collection liens and foreclosure on the Property." *Id.* at 8. Judge Cecchi further held that to the extent Plaintiffs claims "are not barred by the *Rooker-Feldman* doctrine because they are somehow not challenging the underlying state court judgments," the claims must be dismissed because Plaintiffs lack standing and their claims are untimely. *Id.* at 9-11.

Plaintiffs are now proceeding with their Third Amended Complaint ("TAC"). The TAC lists seventeen causes of action, which include: (1) violation of the Real Estate Settlement Procedures Act ("RESPA"); (2) violation of the New Jersey Consumer Fraud Act ("NJCFA"); (3) unjust enrichment; (4) fraud; (5) violation of the Fair Debt Collections Practices Act ("FDCPA"), Section 1692e; (6) violation of FDCPA, Section 1692e(2); (7) violation of FDCPA, Section 1692e(11); (8) violation of the Racketeer Influenced and Corrupt Organizations ("RICO"); (9) New Jersey civil conspiracy; (10) New Jersey abuse of process; (11) violation of the Fair Credit

Reporting Act ("FCRA"); (12) violation of the Truth in Consumer Contract, Warranty and Notice Act ("TCCWNA"); (13) breach of contract; (14) slander of title; (15) violation of the Consumer Protection Act; (16) slander of credit; and (17) infliction of emotional distress. *Id.* at 26-44 ¶¶ 112-211.

In March 2021, Defendants filed motions to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). *See* ECF Nos. 83, 84, 87, 89. With the exception of Lambert, Defendants contend that Plaintiffs claims are barred by the *Rooker-Feldman* doctrine, the entire controversy doctrine, *res judicata* and collateral estoppel, among other contentions. *See* ECF No. 83-1; ECF No. 87-2; ECF No. 89-6. Defendant Lambert argues that Plaintiffs lack standing to sue because Lambert's only alleged involvement in this matter is still limited to the filing of the first foreclosure action which was dismissed in 2013 and did not result in a judgment. ECF No. 84-1 at 7. Lambert also states that Plaintiffs' claims against it are untimely and that Plaintiffs have failed to state a claim. *Id.* at 8-18.

## II.     DISCUSSION

The Court will begin its review by considering Defendants' challenges to this Court's subject matter jurisdiction over Plaintiffs' TAC under the *Rooker-Feldman* doctrine. *See Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 431 (2007) ("[A] federal court generally may not rule on the merits of a case without first determining that it has jurisdiction over the cause."). Federal courts have limited jurisdiction and may adjudicate cases and controversies only as permitted under Article III of the Constitution. *See* U.S. CONST. art. III, § 2; *see also Phila. Fed'n of Teachers v. Ridge*, 150 F.3d 319, 323 (3d Cir. 1998). Unless affirmatively demonstrated, a federal court is presumed to lack subject matter jurisdiction. *See Ridge*, 150 F.3d at 323 (citing *Renne v. Geary*, 501 U.S. 312, 316 (1991)). The burden of demonstrating the

existence of federal jurisdiction is on the party seeking to invoke it. *See Common Cause of Pa. v. Pennsylvania*, 558 F.3d 249, 257 (3d Cir. 2009) (citing *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 (2006)).

A motion to dismiss under Rule 12(b)(1) "attacks . . . the right of a plaintiff to be heard in Federal court." *Cohen v. Kurtzman*, 45 F.Supp.2d 423, 428 (D.N.J. 1999). When ruling on such a motion, a distinction must be made between a facial and factual attack. *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977). If the Rule 12(b)(1) motion "is a facial attack, the court looks only at the allegations in the pleadings and does so in the light most favorable to the plaintiff." *U.S. ex rel. Atkinson v. Pa. Shipbuilding Co.*, 473 F.3d 506, 514 (3d Cir. 2007) (citing *Mortensen*, 549 F.2d at 891). On the other hand, when the Rule 12(b)(1) motion is a factual attack, "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Mortensen*, 549 F.2d at 891.

Here, Defendants' motions to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) is a factual attack because Defendants challenge the "actual facts" that support jurisdiction, and not merely how those facts were pled. *See Pa. Shipbuilding Co.*, 473 F.3d at 514. Accordingly, the Court may "review evidence outside the pleadings" in determining whether subject matter jurisdiction exists. *Id.* (citation omitted).

Defendants argue that the Court lacks subject matter jurisdiction under the *Rooker-Feldman* doctrine because "Plaintiffs claims impermissibly seek federal review of the foreclosure judgments rendered against them in the state Foreclosure Actions" in violation of the doctrine. ECF No. 83-1 at 9. Plaintiffs respond that the *Rooker-Feldman* doctrine does not apply because

5

"Plaintiffs do no seek redress for injuries caused by state court judgments" and "do not seek review and rejection of any state court judgment." Pl.s' Opp'n at 8, ECF No. 96.

The *Rooker-Feldman* doctrine bars federal district courts from hearing cases "that are essentially appeals from state-court judgments." *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 165 (3d Cir. 2010). In other words, the *Rooker-Feldman* doctrine bars a suit where "a favorable decision in federal court would require negating or reversing the state-court decision." *Id.* at 170 n.4 (citations omitted). The Third Circuit has specifically held that the *Rooker-Feldman* doctrine bars federal courts from providing relief that would invalidate a state court foreclosure decision. *See, e.g., Gage v. Wells Fargo Bank, NA AS*, 521 F. App'x 49, 51 (3d Cir. 2013); *Manu v. Nat'l City Bank of Indiana*, 471 F. App'x 101, 105 (3d Cir. 2012); *Moncrief v. Chase Manhattan Mortg. Corp.*, 275 F. App'x 149, 152 (3d Cir. 2008); *Ayres-Fountain v. E. Sav. Bank*, 153 F. App'x 91, 92 (3d Cir. 2005).

There are four requirements that must be met for the *Rooker-Feldman* doctrine to apply: "(1) the federal plaintiff lost in state court; (2) the plaintiff complains of injuries caused by the state-court judgments; (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state judgments." *Great W. Mining & Mineral Co.*, 615 F.3d at 166 (citing *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)). "The second and fourth requirements are the key to determining whether a federal suit presents an independent, non-barred claim." *Id.*

Here, the first and third prongs of the *Rooker-Feldman* doctrine are clearly met. Plaintiffs lost in the state court actions, and the judgments were rendered in those actions before Plaintiffs

6

initiated this action in August 2019.[1] *See Damiani v. Wells Fargo*, Civ No. 16-8484, 2018 WL 1731347, at *5 (D.N.J. Apr. 10, 2018) (finding the first and third *Rooker-Feldman* requirements were satisfied where a final foreclosure judgment in state court action was entered against the plaintiff before he commenced the federal action); *see also Ezell v. JPMorgan Chase Bank Nat'l Ass'n*, No. 18-1407, 2020 WL 525899, at *4 (D.N.J. Jan. 31, 2020).

The second and fourth prongs are also met. In arriving at this conclusion, the Court relies on *Gage*, 521 F. App'x at 49, in which the Third Circuit applied the *Rooker-Feldman* doctrine in nearly identical circumstances. In *Gage*, the plaintiff defaulted on his mortgage, and the defendant bank subsequently filed a foreclosure complaint in state court. The plaintiff did not file a responsive pleading, and a final judgment of foreclosure was entered. *Id.* at 51. In *Gage*, the Third Circuit found that:

> The complaint reveals the nature of Gage's claims against Wells Fargo: that the bank had no right to foreclose on the property and therefore committed "criminal acts" by enforcing the foreclosure judgment (Counts I and IV). These claims are in essence an attack on the state court judgment of foreclosure. Furthermore, an aspect of the relief that Gage requests—to have the deed to the property restored to him— makes it abundantly clear that he seeks to overturn the foreclosure judgment.
>
> *Id.*

Here, the main thrust of Plaintiffs' TAC is that Defendants obtained judgments against Plaintiffs through fraud, conspiracy, and misrepresentations that led the New Jersey state court to enter collection and foreclosure judgments against Plaintiffs. *See* TAC, ECF No. 81 at 11 ¶ 47 ("At all times relevant between 2009 and 2013, BAC and LAMBERT fraudulently and secretly prosecuted the first Foreclosure action against Plaintiffs in State Court."); *Id.* at 23 ¶ 110

---

[1] *See* ECF No. 51-1, Ex. B (granting summary judgment to NCFS on September 2, 2011), ECF No. 49-3, Exs. G and I (judgments entered in favor of Midland on October 25, 2010 and March 16, 2012), ECF No. 19-1, Exs. C and K (final judgment order in foreclosure action entered June 26, 2015 and final judgment order in strict foreclosure action entered December 3, 2018).

7

("[Plaintiffs]…were victims of fraudulent or illegal foreclosure…."); *Id.* at 25 ¶ n. ("[Defendants] conspired together and with others, intentionally and/or negligently encumbered Plaintiffs' mortgage/property beyond August 1, 2018, causing damages to the property and person of Plaintiffs"). The Court's review of Plaintiffs' TAC indicates that each of the seventeen causes of actions relate directly to Defendants' alleged "right to foreclose" on the Property, or to harm that was allegedly caused by the foreclosure and collection judgments entered by the state court. Thus, Plaintiffs' claims constitute the type of "attack on the state court judgment of foreclosure" which the *Rooker-Feldman* doctrine was intended to prohibit. *See Willoughby v. Zucker, Goldberg & Ackerman, LLC*, Civ. No. 13-7062, 2014 WL 2711177, at *4 (D.N.J. June 16, 2014). Therefore, the *Rooker-Feldman* doctrine removes the Court's subject matter jurisdiction over Plaintiffs' claims. Accordingly, the Court must dismiss with prejudice the entire TAC.[2] *See Cuevas v. Wells Fargo Bank, N.A.*, Civ. No. 14-6208, 2015 WL 5123746, at *5 (D.N.J. Sept. 1, 2015) *aff'd*, Civ. No. 15-3384, 2016 WL 759651 (3d Cir. Feb. 25, 2016) (applying *Rooker-Feldman* and dismissing complaint with prejudice for lack of subject matter jurisdiction); *see also Valladares v. Gov't Nat'l Mortg. Ass'n as Tr. for the Ginnie Mae Remic Tr. 2007-002*, Civ. No. 15-2408 (ES) (MAH), 2016 WL 1243804, at *5 (D.N.J. Mar. 29, 2016) (applying the *Rooker-Feldman* doctrine and dismissing with prejudice plaintiff's claims for (1) declaratory relief; (2) injunctive relief; (3) quiet title; (4) negligence per se; (5) accounting; (6) breach of the covenant of good faith and fair dealing; (7) breach of fiduciary duty; (8) wrongful foreclosure; (9) violation of RESPA; (10) violation of the Truth in Lending Act; (11) fraud in the concealment; (12) intentional infliction of emotional distress; and (13) slander of title.").

---

[2] Because the Complaint is dismissed pursuant to the *Rooker-Feldman* doctrine, the Court will not address Defendants' other arguments in favor of dismissal.

To the extent that any of Plaintiffs' claims are not barred by the *Rooker–Feldman* doctrine, Plaintiffs' claims are barred by collateral estoppel and *res judicata,* because Plaintiffs are attempting to raise issues that were either previously determined by the New Jersey courts, or should have been raised in the New Jersey proceedings.

Under New Jersey law, the doctrine of collateral estoppel operates to foreclose relitigating an issue when the asserting party shows that: (1) the issue to be precluded is identical to the issue decided in the prior proceeding, (2) the issue was actually litigated in the prior proceeding, (3) the court in the prior proceeding issued a final judgment on the merits, (4) the determination of the issue was essential to the prior judgment, and (5) the party against whom the doctrine is asserted was a party to or in privity with a party to the earlier proceeding. *Hogg's v. New Jersey*, 352 F. App'x 625, 629 (3d Cir. 2009) (citing *Hennessey v. Winslow Township*, 183 N.J. 593, 875 A.2d 240, 244 (2005)). Thus, Plaintiffs' claims actually decided in the foreclosure proceedings may not be relitigated in this federal action.

Further, *res judicata* bars litigation of claims that should have been raised in previous proceedings. The doctrine has the following elements: "(1) the final judgment in the prior action must be valid, final, and on the merits; (2) the parties in the later action must be identical to or in privity with those in the prior action; and (3) the claim in the later action must grow out of the same transaction or occurrence as the claim in the earlier one." *McNeil v. Legislative Apportionment Comm'n of the State of N.J.*, 177 N.J. 364, 828 (2003). Plaintiffs' claims in this action could have been litigated in the state court action because they relate to Defendants' alleged conduct regarding Plaintiffs' mortgage. *Lewis v. Citibank, N.A.*, 179 F. Supp. 3d 458, 463 (E.D. Pa. 2016) (finding that plaintiffs' claims for fraud in the concealment, fraud in the inducement, violation of RESPA, fraudulent misrepresentation, violation of HOEPA, negligent infliction of

9

emotional distress, negligence, and dual tracking, could have been litigated in the State Court Action as they relate to the defendants' conduct regarding plaintiffs' mortgage.). Accordingly, *res judicata* precludes federal court review of Plaintiffs' claims which, as noted above, arise out of the prior state foreclosure actions.

## III. CONCLUSION

For the foregoing reasons, Defendants' motions to dismiss (ECF Nos. 83, 84, 87, 89) are **GRANTED**. Plaintiffs' Third Amended Complaint is **DISMISSED WITH PREJUDICE**. An appropriate Order accompanies this Opinion.

DATED: August 24, 2021

Julien Xavier Neals
United States District Judge