UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SANDRA OJO and TEMIDAYO B. OJO, | : |
| Plaintiffs, | : **Civil Action No. 19-16200 (JXN) (ESK)** |
| v. | : **OPINION** |
| HUDSON COUNTY SAVINGS BANK, FSB., et al, | : |
| Defendants. | : |

**NEALS**, District Judge:

**THIS MATTER** comes before the Court on a motion for reconsideration, ECF No. 103, filed by *pro se* Plaintiffs Sandra Ojo and Temidayo Ojo (collectively, "Plaintiffs"), which Defendants[1] oppose, ECF Nos. 104, 106, 110, 112.[2] This matter is decided without oral argument pursuant to Federal Rule of Civil Procedure 78(b) and Local Civil Rule 78.1(b). For the reasons stated herein, Plaintiffs' motion for reconsideration is **DENIED**.

## I.   FACTUAL BACKGROUND & PROCEDURAL HISTORY

As the parties are intimately familiar with the facts of this case, the Court will only address those relevant to the present motion.[3] This action arises primarily out of a prior state court

---

[1] Defendants are Midland Funding LLC, Frenkel Lambert Weissman & Gordon, LLP, New Century Financial Services, BAC Home Loans Servicing, LP., Hudson County Savings Bank, FSB., Bank of America, N.A., Manufacturer & Traders Trust Co., and Countrywide Home Loans Servicing, LP.

[2] On October 4, 2021, Plaintiffs filed a reply brief in further support of its motion for reconsideration. *See* ECF No. 115. Pursuant to Local Civil Rule 7.1(d)(3), [n]o reply papers shall be filed, unless permitted by the Court[.] The Court reminded the parties of this rule in its September 21, 2021 text order, ECF No. 108. Because Plaintiff did not seek leave to file a reply, and in the interest of fairness, the Court will not consider Plaintiffs' reply brief at ECF No. 115.

[3] For a fuller recitation of the facts, please review the Court's August 24, 2021 Opinion, ECF No. 101.

foreclosure action involving Plaintiffs' property located at 120 Chestnut Street, East Orange, New Jersey (the "Property"). Third Amended Complaint, ECF No 81. On August 1, 2019, Plaintiffs filed their Complaint alleging violations of the Truth in Lending Act (15 U.S.C. § 1601, *et seq.*), accounting discrepancies, chain of title discrepancies, and proof of service discrepancies with respect to their mortgage and Property. Compl., ECF No. 1. Throughout this litigation, Plaintiffs have repeatedly sought, and been granted, leave to amend their pleadings to which Defendants have responded by way of motions to dismiss. On November 19, 2020, the Honorable Claire C. Cecchi, U.S.D.J., issued an opinion and order dismissing Plaintiffs' Second Amended Complaint without prejudice and with leave to amend. *See* ECF No. 73. Judge Cecchi held that the *Rooker-Feldman* doctrine barred the Court's exercise of subject matter jurisdiction over Plaintiffs' claims because "Plaintiffs are seeking a ruling from this Court that Defendants harmed Plaintiffs by obtaining state court judgments against them that led to collection liens and foreclosure on the Property." *Id.* at 8. Judge Cecchi further held that to the extent Plaintiffs claims "are not barred by the *Rooker-Feldman* doctrine because they are somehow not challenging the underlying state court judgments," the claims must be dismissed because Plaintiffs lack standing and their claims are untimely. *Id.* at 9-11.

On February 24, 2021, Plaintiffs filed their Third Amended Complaint ("TAC"). The TAC lists seventeen causes of action, which include: (1) violation of the Real Estate Settlement Procedures Act ("RESPA"); (2) violation of the New Jersey Consumer Fraud Act ("NJCFA"); (3) unjust enrichment; (4) fraud; (5) violation of the Fair Debt Collections Practices Act ("FDCPA"), Section 1692e; (6) violation of FDCPA, Section 1692e(2); (7) violation of FDCPA, Section 1692e(11); (8) violation of the Racketeer Influenced and Corrupt Organizations ("RICO"); (9) New Jersey civil conspiracy; (10) New Jersey abuse of process; (11) violation of the Fair Credit

Reporting Act ("FCRA"); (12) violation of the Truth in Consumer Contract, Warranty and Notice Act ("TCCWNA"); (13) breach of contract; (14) slander of title; (15) violation of the Consumer Protection Act; (16) slander of credit; and (17) infliction of emotional distress.  *Id.* at 26-44 ¶¶ 112-211.  Defendants moved to dismiss the TAC pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), which the Court granted.  *See* Opinion, ECF No. 101; Order, ECF No. 102.

In its August 24, 2021 Opinion, the Court held that "the *Rooker-Feldman* doctrine removes the Court's subject matter jurisdiction over Plaintiffs' claims."  Opinion at 8.  In reaching this conclusion, the Court explained that "the main thrust of Plaintiffs' TAC is that Defendants obtained judgments against Plaintiffs through fraud, conspiracy, and misrepresentations that led the New Jersey state court to enter collection and foreclosure judgments against Plaintiffs."  *Id.* at 7.  The Court further provided that "Plaintiffs' TAC indicates that each of the seventeen causes of actions relate directly to Defendants' alleged 'right to foreclose' on the Property, or to harm that was allegedly caused by the foreclosure and collection judgments entered by the state court."  *Id.*  As a result, the Court stated, "Plaintiffs' claims constitute the type of 'attack on the state court judgment of foreclosure' which the *Rooker-Feldman* doctrine was intended to prohibit."  *Id.* at 8.  The Court also denied Plaintiffs' TAC on alternative grounds.  The Court held that "[t]o the extent that any of Plaintiffs' claims are not barred by the *Rooker–Feldman* doctrine, Plaintiffs' claims are barred by collateral estoppel and *res judicata,* because Plaintiffs are attempting to raise issues that were either previously determined by the New Jersey courts, or should have been raised in the New Jersey proceedings."  *Id.* at 9.

On September 7, 2021, Plaintiffs moved for reconsideration.  ECF No. 103.  Plaintiffs contend, in part, that the Court failed to consider their "fraud exception" arguments.  Defendants have opposed Plaintiffs' motion, contending that the Court recognized Plaintiffs' fraud arguments

3

and that Plaintiffs' motion was nothing more than another rehash of the arguments that Plaintiffs advanced in opposition to Defendants' motions to dismiss their Second and Third Amended Complaints. ECF No. 104 at 7-8.[4] The motion is now ripe for the Court to decide.

## II. LEGAL STANDARD

Local Civil Rule 7.1(i) governs motions for reconsideration. *Agostino v. Quest Diagnostics, Inc.*, No. 04-cv-4362, 2010 WL 5392688, *5 (D.N.J. Dec. 22, 2010) (citing *Bryan v. Shah*, 351 F. Supp. 2d 295, 297 (D.N.J. 2005)). Rule 7.1(i) permits a party to seek reconsideration by the Court of a matter which the party believes the Judge "overlooked" when it ruled on the motion. A motion for reconsideration under Rule 7.1(i) "shall be served and filed within 14 days after the entry of the order or judgment on the original motion by the Judge" and submitted with a "brief setting forth concisely the matter or controlling decisions which the party believes the Judge . . . has overlooked." L. Civ. R. 7.1(i).

The standard for reargument is high and reconsideration is to be granted only sparingly. *United States v. Jones*, 158 F.R.D. 309, 314 (D.N.J. 1994). A judgment may be altered or amended under Rule 7.1(i) if the movant shows at least one of the following grounds: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [issued its order]; or (3) the need to correct a clear error of law or fact to prevent manifest injustice." *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 667 (3d Cir. 1999) (citing *N. River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)). Under this standard, courts have noted that "reconsideration is an extraordinary remedy, that is granted 'very

---

[4] In opposition to Plaintiffs' motion, Defendants primarily rely on the same arguments. For sake of clarity, the Court will only cite to Defendant Midland Funding LLC's brief at ECF No. 104 unless citing an argument not included therein.

sparingly.'" *Brackett v. Ashcroft*, Civil Action No. 03-3988 (WJM), 2003 U.S. Dist. LEXIS 21312, *5 (D.N.J. Oct. 7, 2003) (citation omitted).

The Court will grant a motion for reconsideration only if its prior decision overlooked a factual or legal issue that may alter the disposition of the matter. *United States v. Compactions Sys. Corp.*, 88 F. Supp. 2d 339, 345 (D.N.J. 1999). "Reconsideration motions . . . may not be used to re-litigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of the judgment." *NL Industries, Inc. v. Commercial Union Ins. Co.*, 935 F. Supp. 513, 516 (D.N.J. 1996). In other words, "[a] motion for reconsideration should not provide the parties with an opportunity for a second bite at the apple." *Tishcio v. Bontex, Inc.*, 16 F. Supp. 2d 511, 533 (D.N.J. 1998) (citation omitted). Thus, a difference of opinion with the court's decision should be dealt with through the normal appellate process. *Florham Park Chevron, Inc. v. Chevron U.S.A., Inc.*, 680 F. Supp. 159, 162 (D.N.J. 1998).

### III.  DISCUSSION

In their motion, Plaintiffs contend that reconsideration is warranted, in part, because the Court overlooked Plaintiffs' fraud exception arguments related to the *Rooker-Feldman* doctrine. ECF No. 103 at 2-5. To this point, Plaintiffs conclude that they are "entitled to pursue" their claims and that the *Rooker-Feldman* doctrine does not bar this Court's subject matter jurisdiction. *Id.* at 2. In response, Defendants argue, in part, that the Court did not overlook Plaintiffs' purported "fraud exception" argument. ECF No. 104 at 7. More specifically, Defendants contend that the Court recognized Plaintiffs' fraud arguments and that Plaintiffs' motion was nothing more than a rehash of the arguments advanced in opposition to Defendants' motions to dismiss their Second and Third Amended Complaints. *Id.* at 7-8. Defendants further contend that Plaintiffs' fraud exception arguments "have already been thoroughly considered and soundly rejected by not one,

5

but *two different* District Judges passing over Plaintiffs' claims in this matter." *Id.* at 8 (emphasis in original). Defendants continue that "[t]hese are exactly the kind of duplicative arguments that are improper on motions for reconsideration and Plaintiffs should not be permitted to relitigate them here." *Id.* at 9.

In support of reconsideration, Plaintiffs rely on the Third Circuit's decision in *Shibles* to argue that their claims are independent causes of action and not barred by the *Rooker-Feldman* doctrine. *See* ECF No. 103 at 4 (citing *Shibles v. Bank of Am., N.A.*, 730 F. App'x 103, 105 (3d Cir. 2018). In *Shibles*, the plaintiff initiated a federal action alleging state law fraud and breach of contract claims against the defendant bank.[5] The plaintiff's claims arose out of the bank's denial of her request for a permanent loan modification pursuant to the Home Affordable Modification Program. *Id.* The District Court dismissed plaintiff's complaint, holding, in part, that the *Rooker-Feldman* doctrine deprived the court of subject matter jurisdiction. *Id*. at 105. In reversing the District Court's decision, the Third Circuit emphasized that the *Rooker-Feldman* doctrine did not apply because the injuries the plaintiff alleges arise from the bank's actions and not the state

---

[5] Unlike the plaintiff in *Shibles*, Plaintiffs in the instant matter assert seventeen causes of action, which include: (1) violation of RESPA; (2) violation of NJCFA; (3) unjust enrichment; (4) fraud; (5) – (7) violations of FDCPA; (8) violation of RICO; (9) New Jersey civil conspiracy; (10) New Jersey abuse of process; (11) violation of FCRA; (12) violation of the TCCWNA; (13) breach of contract; (14) slander of title; (15) violation of CPA; (16) slander of credit; and (17) infliction of emotional distress. TAC at 26-44 ¶¶ 112-211. Courts in this district have dismissed similar claims under the *Rooker-Feldman* doctrine. *See Valladares v. Gov't Nat'l Mortg. Ass'n as Tr. for the Ginnie Mae Remic Tr. 2007-002*, Civ. No. 15-2408 (ES) (MAH), 2016 WL 1243804, at *5 (D.N.J. Mar. 29, 2016) (applying the *Rooker-Feldman* doctrine and dismissing with prejudice plaintiff's claims for (1) declaratory relief; (2) injunctive relief; (3) quiet title; (4) negligence per se; (5) accounting; (6) breach of the covenant of good faith and fair dealing; (7) breach of fiduciary duty; (8) wrongful foreclosure; (9) violation of RESPA; (10) violation of the Truth in Lending Act; (11) fraud in the concealment; (12) intentional infliction of emotional distress; and (13) slander of title.").

foreclosure action. *Id.* at 105. The Third Circuit explained that "when the source of the injury is the defendant's actions (and not the state court judgments), the federal suit is independent, even if it asks the federal court to deny a legal conclusion reached by the state court." *Id.* (quotations omitted).

Consistent with the Third Circuit's guidance in *Shibles*, prior to dismissing Plaintiffs' TAC, the Court determined that the injuries alleged by Plaintiffs were produced by state-court orders and judgments. *See Shibles*, 730 F. App'x at 105 ("before *Rooker-Feldman* operates to bar a plaintiff from bringing suit in federal court, a federal court must determine that the injury alleged was produced by a state-court judgment and not simply ratified, acquiesced in, or left unpunished by it."). More specifically, the Court determined that "the main thrust of Plaintiffs' TAC is that Defendants obtained judgments against Plaintiffs through fraud, conspiracy, and misrepresentations that led the New Jersey state court to enter collection and foreclosure judgments against Plaintiffs." Opinion at 7. Having fully reviewed and thoroughly considered Plaintiffs' allegations of fraud, the Court held that "each of the seventeen causes of actions relate directly to Defendants' alleged 'right to foreclose' on the Property, or to harm that was allegedly caused by the *foreclosure and collection judgments entered by the state court*." *Id.* at 8 (emphasis added). Thus, Plaintiffs' assertion that the Court did not consider their "fraud exception" arguments is unsupported in the record.

Plaintiffs' motion for reconsideration restates the arguments advanced in opposition to Defendants' motions to dismiss their Second and Third Amended Complaints. *See* ECF No. 104 at 5. These arguments have been considered by two different District Judges. As this Court has consistently held, "[a] motion for reconsideration should not provide the parties with an

opportunity for a second bite at the apple." *See Tishcio*, 16 F. Supp. 2d at 533. This is Plaintiffs third bite at the proverbial apple.

Moreover, as previously stated, the Court will grant a motion for reconsideration only if its prior decision overlooked a factual or legal issue that may alter the disposition of the matter. *Compactions Sys. Corp.*, 88 F. Supp. 2d at 345. Here, the Court held that "[t]o the extent that any of Plaintiffs' claims are not barred by the *Rooker–Feldman* doctrine, Plaintiffs' claims are barred by collateral estoppel and *res judicata*, because Plaintiffs are attempting to raise issues that were either previously determined by the New Jersey courts, or should have been raised in the New Jersey proceedings." Opinion at 9. Thus, even if the *Rooker-Feldman* doctrine does not deprive the Court of subject matter jurisdiction, reconsideration is inappropriate because Plaintiffs' claims are barred by collateral estoppel and *res judicata*. On this basis, Plaintiffs' motion for reconsideration must be denied.

## IV.  CONCLUSION

For the foregoing reasons, Plaintiffs' motion for reconsideration (ECF No. 103) is **DENIED**. An appropriate Order accompanies this Opinion.

DATED: November 1, 2021

Julien Xavier Neals
United States District Judge